HAYES v. BORDEN.

(Supreme Court, Appellate Term. November 12, 1909.)

MOTIONS (§ 49*)—ORDER—RESETTLEMENT.

A party on whom a copy of an order entered without notice of settlement is served is not thereby barred from moving for a resettlement of the order.

[Ed. Note.—For other cases, see Motions, Cent. Dig. § 62; Dec. Dig. § 49.*]

Appeal from City Court of New York, Special Term.

Action by Nellie M. Hayes against Bertram Borden. From an order restoring the cause to the calendar, and from an order denying a

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

motion to resettle such order, defendant appeals. Appeal from original order dismissed, and appeal from order denying resettlement reversed.

Argued before GILDERSLEEVE, P. J., and SEABURY and LEHMAN, JJ.

Walter Carroll Low, for appellant.
Emanuel I. S. Hart, for respondent.

PER CURIAM. The plaintiff made a motion, on an order to show cause, to have the cause restored to the calendar. On the argument it was shown that a stipulation had been made to discontinue the action, and an order entered thereon, and it was consented by the parties that the motion be extended so as to cover an application to have the stipulation and order of discontinuance set aside. The motion, thus amended or extended, was granted, and an order was entered by plaintiff, without notice of settlement, granting the motion, but not reciting the stipulation and order, entered thereon, and other papers, and containing other defects. Thereupon defendant moved to resettle the order, which motion was denied by the court as follows:

"Order having been served herein, this application is denied."

We fail to see how service on defendant of a copy of the order, entered without notice of settlement, barred defendant from moving for a resettlement of the said order. The plaintiff respondent makes a number of statements in his brief, but no affidavits were submitted by plaintiff in opposition to this motion, and defendant's allegations as to the facts of the case are uncontradicted. The other affidavits in the record on appeal were used on the original motion, and the only papers submitted on the motion for resettlement, as appears from the recitals in the order appealed from, were those of the defendant.

It seems to us that the learned court below fell into error in denying the motion for a resettlement of the order, and that the order denying said motion must be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs.

The defendant, also, in his notice of appeal, appeals from the original order; but the latter appeal has been abandoned by both parties, and may be dismissed, without costs to either party.